IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL No. 14-438 |
| : | |
| MICHAEL CERRUTI : | |

**MEMORANDUM OPINION**

**Schmehl, J.**   */s/JLS*                                                                              February 16, 2021

      Defendant Michael Cerruti Motions the Court for Release from Custody Pending Disposition of the alleged violations of his supervised release. The Government opposes the motion by arguing that Mr. Cerruti is a danger to the community, in particular, a danger to children. Below, I deny defendant's motion because he has not proven with clear and convincing evidence that he is not a danger to the community, and the government has provided ample evidence that Mr. Cerruti is in fact a danger to the community.

**Factual Background**

      In 2016, defendant Michael Cerruti pled guilty to the transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). For these charges, he was sentenced to 84 months' imprisonment followed by 10 years' supervised release. Two of his conditions of supervised release were that he must participate in a recommended sex offender treatment program, and that he must report any regular contact and communication with children under the age of eighteen to the U.S. Probation Office.

On July 2, 2020, Mr. Cerruti was released from prison and began his supervised release. On September 29, 2020, the U.S. Probation Office filed the present violations of his supervised release, which alleges that Mr. Cerruti was unsuccessfully discharged from his sex offender treatment program, and that he failed to report repeated communications minors to probation. The details underlying the violations are grim.

First, it took Mr. Cerruti less than two months from his release from prison to have violations alleged against him. As for failing out of the sex offender treatment program, a Psychologist from the sex offender treatment program wrote the following. "Mr. Cerruti is a HIGH risk to reoffend . . . . not amenable to treatment and is a danger to the community. . . . Mr. Cerruti must be monitored closely." Mr. Cerruti called the sex offender program a "stupid fucked up class." Then there is Mr. Cerruti's communications with minors. In summation, on an online video game, Mr. Cerruti sent dozens of sexually charged messages to numerous individuals, many of which he admittedly knew were minor children.

## Analysis

Mr. Cerruti makes various arguments that he claims favor his release. He first argues that he has already spent approximately four months in prison, and the guidelines for the alleged violations are 4-10 months' imprisonment. Second, he is held in the Lehigh County Jail which is in the midst of surging COVID-19 infections. Lastly, he could be released to his grandmother who attested to the Court that she will do her best to ensure that he does not have access to the internet.

In response, the government argues that a hearing has not been held for the alleged violations throughout the four months that Mr. Cerruti has been incarcerated because of Mr. Cerruti's own tactics in the case. According to the government, the defendant has not made

himself available or put in the effort to get a hearing date from the Court to have the alleged violations adjudicated. Next, the government states that the Lehigh County Jail is doing the best that they can to handle the COVID-19 pandemic, and that Mr. Cerruti does not allege any specific underlying health conditions that put him at a high-risk of an adverse outcome from COVID-19. Lastly, being released to his grandmother does not render him any less of a risk to the community as he was living with her during the time of the alleged supervised release violations.

The government also highlights Federal Rule of Criminal Procedure 32.1 which partly controls releasing defendants pending further proceedings. Rule 32.1 subsection six states that the burden of clear and convincing evidence is on defendants to prove that they are not a flight risk or pose a danger to the community. Fed.R.Crim.P. 32.1(6).

After reviewing the briefings and holding oral argument on the issue, it is an easy decision for the Court to make. The defendant shall remain incarcerated until disposition of the alleged supervised release violations because he presents a serious danger to the community. The alleged violations are very serious and concerning. Mr. Cerruti's actions show his disregard of the rule of law, refusal to get the help that he needs, and that he presents an ongoing danger to the community, in particular, children. While he argues that the sex offender treatment program is not "right for his needs," that in no way justifies failing out of the program, and any recommended sex offender treatment program is better than no treatment for Mr. Cerruti.

### Conclusion

For the reasons above, the defendant's Motion for Release Pending Disposition is denied. Mr. Cerruti shall remain in custody until disposition of the alleged supervised release violations. An accompanying Order follows.